UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE GOODE,

    Plaintiff,

vs.                                                           Case No. 18-10314

CHERYL MUHAMMAD,                        HON. AVERN COHN
RON HAYWOOD, KEVIN J. COX,

    Defendants.

_____/

## ORDER OF DISMISSAL
## AND
## DIRECTING CLERK TO RETURN THE FILING FEE TO PLAINTIFF

I.

Plaintiff, Jermaine Goode, proceeding pro se, filed a complaint naming Cheryl Muhammad, a Detroit Police Officer, Ron Haywood, a Wayne County Prosecutor, and Kevin J. Cox, a Wayne County Circuit Court Judge, as defendants. For the reasons that follow, the complaint will be dismissed. The Clerk will be directed to return the filing fee to plaintiff.

II.

A court generally may not sua sponte dismiss a case where the filing fee has been paid unless the court gives the party notice and the opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). However, "pro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has read the complaint. From what can be gleaned, plaintiff was charged with a criminal drug offense in Wayne County following the execution of a search warrant. Muhammad prepared the search warrant affidavit. Haywood is the prosecutor in the case. The charges were initially dropped upon the motion of plaintiff's attorney to dismiss for failure to prosecute. However, after the dismissal, plaintiff was rearrested for the same drug offense. Plaintiff, through a new attorney, moved for a hearing to challenge the search warrant. Cox, the judge in the case, denied the motion. Plaintiff eventually plead guilty under a plea agreement and is awaiting sentencing.

Plaintiff says that the affidavit in support of the search warrant is invalid, that officer Muhammad violated his constitutional rights in obtaining it, that prosecutor Haywood has failed to turn over exculpatory materials or other requested information in

2

violation of plaintiff's constitutional rights, and Judge Cox violated his constitutional rights in denying his motion for an evidentiary hearing on the search warrant.

Plaintiff asks for the Court to issue an injunction against the criminal proceedings, declare the search warrant invalid, and declare that defendants have violated his constitutional rights and "such other relief" that may be appropriate.

IV.

Although it appears that plaintiff is attempting to invoke the Court's federal question jurisdiction, the complaint is subject to dismissal for a number of reasons.

First, plaintiff is asking the Court to enjoin a state court criminal proceeding. Under Younger v. Harris, 401 U.S. 37, 45 (1971), the Court cannot grant plaintiff this relief. In Younger, the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in "very unusual circumstances" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The Supreme Court held that the cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. Id. at 46. Further, because "[n]o citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts[,] such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity." Id. (internal quotation and citation omitted).

Federal Courts should employ three factors to determine whether the Younger abstention doctrine should apply:

    1. there must be pending or ongoing state judicial proceedings;

    2. these proceedings must implicate important state interests; and,

3

3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, (1982); GTE Mobilnet of Ohio v. Johnson, 111 F.3d 469, 481 (6th Cir.1997).

Here, all of the factors weigh in favor of abstention. There is a pending criminal case; plaintiff states he is awaiting sentencing. As to the second factor, "there is no question that the ongoing prosecution implicates important state interests." Davis v. Lansing, 851 F.2d 72, 76 (2nd Cir.1988). As to the third factor, a federal court must presume that the state courts are able to protect the interests of a federal plaintiff. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir.1995).

A district court deciding to abstain under Younger has the option of either dismissing the case without prejudice or holding the case in abeyance. See Coles v. Granville, 448 F.3d 853, 865 (6th Cir. 2006). Here, dismissal, rather than holding the case in abeyance, is appropriate.

Second, the complaint is also subject to dismissal based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held that a plaintiff cannot recover damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." Id. at 486-87. Here, plaintiff has not said that any state court order has been reversed or called into question.

4

Indeed, plaintiff's criminal case is ongoing. Under these circumstances, any request for damages is barred by Heck.

Finally, Haywood, a prosecutor, and Cox, a judge, both of whom are sued in official capacities, are immune from suit. See Pierson v. Ray, 386 U.S. 547 (1967), Stump v. Sparkman, 435 U.S. 349 (1978) (discussing judicial immunity) and SeeImbler v. Pachtman, 424 U.S. 409, 430 (1976), Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006) (discussing prosecutorial immunity).

V.

For the reasons stated above, the complaint is DISMISSED. The Clerk shall RETURN the filing fee to plaintiff.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2018
Detroit, Michigan